Brodrick, J.
This cause now comes on for hearing on the demurrer of William S. Defrees, administrator, to the answer, and cross-petition of the defendant, the city of Bellefontaine.
The by-laws, rules and regulations of said city as provided by the director of public service, thereof, provide as follows:
“Section 1. . All applications for the use of water from the Bellefontaine Water Works for the purpose of introducing water into premises, must be made by the owner or his authorized agent.
' “The applicant must state fully all purposes for which the water is required and answer all questions for which they required *370 the use of water, and with the distinct understanding that the property is to be held liable for all water rents. Upon eomplyr ing with these conditions the clerk of the water works will issue a permit granting the applicant the privilege of a service attachment and the number of the service.
“Water service pipes shall be taken to at least six inches beyond the curb line, where it does not exceed twenty feet from water main.
“An advance rate of eight dollars ($8.00) must be paid at the time of application.”
The answer and cross-petition avers that the requirements' of said by-laws were fully complied with in this instance.
The demurrer therefore admits that the water works are owned by the city of Bellefontaine; that the application for the use of the water was made to the duly constituted authorities of said city in charge of the said water works, by the owner, or the duly authorized agent of the owner, of the premises involved in this action; that in said application so made by said owner or agent was this specific agreement, “and with the distinct understanding that the property is to be held liable for all .water rents,” and that under said application there remains due to said city the sum of four -dollars for water rent.
The sole question, therefore, arising on demurrer is the power of the city to collect from the proceeds of the property sold under an order of the court, or, in other words, whether water rents are a lien on the property supplied with water where the water works are owned by the city.
The statutes applicable to the question as contained in the General Code are as follows:
“Section 3946. The director of public service shall manage, conduct and control the water works, furnish supplies of water, collect water rents, and appoint necessary officers and agents.”
“Section 3957. Such director may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works. Such by-laws and regulations shall have the same validity as ordinances when not repugnant thereto or to the constitution or laws of the state. ’ ’
“Section 3958. For the purpose of paying the expense of conducting and managing the water works, such director may *371 assess and collect from time to time a water rent of sufficient amount in such, manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant, or off the same pipe, and when the assessments therefore are not paid when due, the director- shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the samé manner as other city taxes.”
In order to understand the last clause of the preceding section, a glance at some of the provisions of the General Code may be of assistance:
“Section 3784. Each municipal corporation shall have special powers, to be exercised as provided by law, to levy and collect taxes upon the real and personal property within the corporation for the purpose of paying the expenses of the corporation, constructing improvements authorized, and exercising the general . and specific powers conferred by law. ’ ’
“Section 3794. On or before the first Monday in July, each year, council shall cause to be certified to the auditor of the county, the rate of taxes levied by it on the grand duplicate, who shall place it on the tax list of the county in the same manner as township taxes are by law placed thereon, ’ ’ etc.
“Section 3795. The taxes of the corporation shall be collected by the county treasurer and paid into the treasury of the corporation in the same manner and under the same laws, rules and. regulations as are prescribed for the collection and paying over of state and county taxes, ’ ’ etc.
“Section 3897. Special assessments shall be payable by the owners of the property assessed personally, by the time stipulated in the ordinance providing therefor, and shall be a lien from the date of the assessment upon the respective lots or parcels of land assessed. When presented with a receipt from the contractor, in whose favor an assessment is confirmed, or his assigns, showing such assessment on any property for any improvement to have been paid, the auditor or clerk shall at once record the fact upon the margin of the record of the assessment, with the date of such presentation, from which time such property shall be released from the lien. ’ ’
Sections 3898 and 3900 inclusive, provide the collection of special assessments by suit.
*372 “Section 3901. If in any such action, it appears that by reason of any technical irregularity or defect, whether in the proceedings of the council, or of any other officer of the corporation, or in the plans or estimates, the assessment has not been properly made against any defendant or upon any lot or parcel of land sought to be charged, the court may nevertheless on satisfactory proof that expense has been incurred, which is a proper charge against such defendant, or lot or parcel of land in question, render ¿Judgment for the amount properly chargeable against such defendant or on such lot or land, but in such cases, the court shall make such order for the payment of the costs as may be equitable and proper. ”
Under the statutes above quoted, the director of public service is compelled to furnish water, on application, and to prepare the necessary by-laws and regulations for the government of his department; and such by-laws and regulations have all the force and effect of the ordinances passed by the council of the municipality.
When water works are constructed, special assessments are made therefor, and the revenue derived from water rents, after paying the operating expenses become a part of the sinking fund to be used in liquidating the bonded indebtedness incurred in the construction of the water works system.
It therefore becomes so much a part of the special assessments' as to be used in liquidation of the bonded indebtedness, and thus to relieve the burden of such assessments to the amount of the surplus remaining after paying operating expenses.
No profit arises to enrich private fortunes, but such water rents inure to the benefit of the governmental power of the municipality, and hence they ought to be, and are, as much entitled to consideration by courts as special .assessments for improvements in the city.
In the case of the City of Gallipolis v. The Trustees of Water Works, 2 N. P., 161, Coultrap, J., says on page 163:
“Section 2411 provides that for the purpose of paying the expenses of conducting and managing the water works, the trustees or board shall have power to assess and collect from time to time a water rent of sufficient amount, in such amount as they may deem most equitable, upon all tenements and premises supplied with water. It will be noticed that the expenses here named are provided for by way of assessment rather than by *373 tax. They are to be assessed and collected not upon all tenements and premises of the city, but upon all tenements and premises supplied with water, and in such manner as the trustee may deem most equitable. * * * The assessment of water rents provided for in Section 2411 is made a charge upon the tenements and premises supplied with water, and is to be collected in the same manner as other city taxes, which means that if they are not paid when due, the premises may be sold to pay them. ’ ’
In the case of Hutchins v. City of Cleveland et al, 9 C.C. (N. S.), 226, the syllabus reads as follows:
“1. In Sections 2410 and 2411, Revised Statutes of Ohio (1536-521 and 522, Bates’ Annotated Statutes), the words ‘trustees’ and ‘trustees or board’ include the directors of public service in cities, as well as boards of trustees of public affairs in villages.
“2. The power to assess and collect water rents in cities is vested in the directors of public service, and the manner in which they exercise this power is not subject to the control of the city council. ’ ’
The Supreme Court, in the case of Alter v. Cincinnati et al, 56 Ohio St., 47, hold the assessing and collecting power of the director of public service to be constitutional and valid, and on page 67, the court say:
“As to the water rent act, it is sufficient to say that the General Assembly has full power to legislate upon the subject, and provide the purpose to which the water rent shall be applied, and there is no injustice in applying the water rent to aid in the construction of the water works, and the power to do so is certainly ample. Water rents are not, strictly speaking, taxes, and certainly not taxes on property to be regulated under article twelve of the constitution. ’ ’
The power of assessment under the statute is conferred upon the director of public service, and every person who malees application to have the benefit of the use of water supplied by the city has full notice of the by-laws and regulations provided by the director of public service for the assessment and collection of water rents, and therein specifically agrees that the property is to be held liable for all water rents. Neither can owners of property be unjustly imposed upon for the by-laws and regulations require that the application be made by the owner or his *374 authorized agent; so that prior to the introduction of water to the premises the owner, either personally or by authorized agent, must have consented to the terms and conditions provided therefor by the director of public service.
In the case at bar, the demurrer does not appeal to the court, for it is urged by the personal representatives of the owner of the premises and thereby seeks to repudiate the contract of the decedent after the property has had the full benefit of the water service, and, as shown by the answer and cross-petition, the contract was acknowledged and respected, and the water rents were paid during the lifetime of the owner.
The demurrer will be overruled. Exceptions noted for the administrator.